IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RITA GLUZMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-463-A |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision are the motion of defendant, Ginny Van Buren, ("Van Buren"), individually, for summary judgment as to the Bivens[1] claim of plaintiff, Rita Gluzman, against Van Buren, and the motion of Van Buren, in her capacity as the warden of Federal Medical Center-Carswell ("Carswell"), for summary judgment as to the claim being made by plaintiff under the authority of 28 U.S.C. § 2241. The court has concluded that the motions should be granted.

I.

Background

This action was instituted by plaintiff, acting pro se, on July 18, 2005, by the filing of a complaint naming as defendants several federal officials, including Van Buren, who were sued individually and in their respective official capacities. Plaintiff complained of medical and dental treatment she had

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971),

received, and was receiving, as an inmate at Carswell since her transfer there in October 2001 from another facility of the United States Bureau of Prisons.[2]  On September 7, 2005, plaintiff filed a motion for preliminary injunction, seeking injunctive relief against the defendants to prevent them from continuing to engage in what she characterized as deliberate indifference to her medical and dental needs.

By order signed September 15, 2005, the court (1) substituted United States of America as a defendant for the individual defendants in their official capacities; (2) dismissed the claims against all individual defendants other than Van Buren; (3) interpreted the claim of plaintiff against United States of America to be a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680; (4) interpreted the claim of plaintiff against Van Buren, individually, to be a <u>Bivens</u> claim; and (5) interpreted plaintiff's request for injunctive relief to be a request for relief pursuant to the authority of 28 U.S.C. § 2241(c)(3).

On November 15, 2005, plaintiff filed a document she characterized as her first supplement to her complaint, which the court treated to be a supplement to the complaint she filed on July 18, 2005.  The supplement purported to add additional defendants.  The court has never considered those additionally named defendants, who apparently were never served with process, as parties to this action because they were added without leave

---

[2]Plaintiff is serving a life sentence.

2

of court.[3]  However, the allegations against the newly named defendants were treated by the court to be further allegations of plaintiff in support of her <u>Bivens</u>, FTCA, and 28 U.S.C. § 2241 claims.

There has been significant activity in this case, including the entry of an order appointing an attorney to represent plaintiff and an order discharging that attorney after the court learned that plaintiff had not made a full disclosure to the court relative to matters pertinent to the appointment.  To be resolved now are motions for summary judgment that were filed in late July 2006.

II.

<u>The Motions for Summary Judgment
and Plaintiff's Responses</u>

The motion filed by Van Buren, individually, as to the <u>Bivens</u> claim is supported by a brief and an appendix, which includes a comprehensive declaration of facts by Van Buren.  The motion filed by Van Buren, as warden, as to the § 2241 claim is supported by a brief and three exhibits.  The first consists of over 2,000 pages of medical, dental, and psychiatric records of the Bureau of Prisons pertaining to the care and treatment of plaintiff.  The second is a thirty-page declaration of Tecora Ballom, D.O.,[4] pertaining to the non-dental portion of the

---

[3] Apparently plaintiff never attempted service of process on any newly named defendant.

[4] Dr. Ballom is employed at the Clinical Director at Carswell. His duties include supervising physicians and medical staff at
(continued...)

records of plaintiff's care and treatment, and providing expert medical opinions pertaining to plaintiff's non-dental medical conditions.  The third is an eighty-one-page declaration of James T. Owen, D.D.S.,[5] pertaining to the dental records and providing expert opinions relative to plaintiff's dental problems and the care and treatment she has received for those problems.  Each of the motions basically asserts that the summary judgment evidence does not raise an issue of fact that would support a finding that while at Carswell plaintiff has received constitutionally deficient medical or dental care, with the consequence that the <u>Bivens</u> claim cannot be sustained, and that there is no evidence that plaintiff will receive constitutionally deficient medical or dental care at Carswell in the future, with the consequence that her § 2241 claim must be denied.

Plaintiff responded to the motions for summary judgment on August 17, 2006, with two documents that are in the form of declarations signed by plaintiff, declaring under the penalty of perjury in each instance that the contents of the document are "true and correct to the best of [plaintiff's] knowledge."  Resp. re <u>Bivens</u> claim at 32; Resp. re § 2241 claim at 5.  Plaintiff

---

[4](...continued)
Carswell, as well as providing medical care and treatment to the Carswell inmates.

[5]Dr. Owen is employed as the Chief Dental Officer at Carswell. His duties include supervision of the dentists and dental staff at Carswell, as well as providing dental care and treatment to the Carswell inmates.

4

does not supply any expert opinion evidence in opposition to the motions for summary judgment.

## III.

### Summary Judgment Standards

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its]

5

claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597. See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

## IV.

### Analysis

Both plaintiff's Bivens claim against Van Buren and her request for relief under § 2241(c)(3) are predicated on plaintiff's contention that her rights under the Eighth Amendment of the Constitution are being violated by reason of constitutionally deficient medical and dental care while an inmate at Carswell, or, put another way, plaintiff contends that she has been subjected to cruel and unusual punishment by reason of inadequate medical and dental attention she says she has

6

received while at Carswell.  In order to prevail on such a claim, plaintiff must prove, first, that the treatment she has received has exposed her to a substantial risk of serious harm, and, second, that the prison officials acted or failed to act with deliberate indifference to that risk.  See Gobert v. Caldwell, ___ F.3d ___, 2006 WL 2474846 at *2 (5th Cir. Aug. 29, 2006).  As the Fifth Circuit explained in Gobert,

> A prison official acts with deliberate indifference only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it.  Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.  Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment.  A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.  Deliberate indifference is an extremely high standard to meet.

Id. at *2 (footnotes and quotation marks omitted).

The court has concluded that plaintiff has adduced no summary judgment evidence that any official at Carswell refused to treat her, ignored her complaints, intentionally treated her incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical or dental need. The information in the summary judgment record suggests that plaintiff has received unsuccessful medical and dental treatment at Carswell, and there might well be evidence in the summary judgment record that the officials at Carswell have been

7

negligent in their provision of medical and dental care to plaintiff[6] or that they have committed malpractice in their care of plaintiff.  However, as Gobert so clearly explains, negligence or malpractice does not constitute cruel and unusual punishment.

Specific to the request plaintiff has made for relief under § 2241, plaintiff has adduced no summary judgment evidence that there is a threat that the conduct about which she complains will continue in the future.  Absent evidence of that kind, relief under § 2241 would not in any event be appropriate.  See Cook v. Hanberry, 596 F.2d 658, 659 (5th Cir. 1979).

The conclusory allegations made by plaintiff in her pleadings and the conclusory assertions she makes in her response to the motions for summary judgment do not raise issues of fact.  Nor can the court give significant weight to plaintiff's non-expert evaluation of the adequacy of her medical care.  Expert opinion evidence, such as defendants have tendered with their motions, is essential in the absence of written documentation that would provide the expert evidence in support of plaintiff's claims.  The court does not consider that the documentation before it is of that kind.

---

[6] The court is not required at this time to evaluate whether there is evidence in the record to support plaintiff's FTCA claim against United States of America.

8

V.

Order

For the reasons stated above,

The court ORDERS that the motions for summary judgment be, and are hereby, granted, and that plaintiff's claim against Van Buren and her request for relief under 28 U.S.C. § 2241 be, and are hereby, denied and dismissed so that the only claim remaining in this action is plaintiff's claim against United States of America under the FTCA.

SIGNED September 22, 2006.

                                        /s/ John McBryde  
                                        JOHN McBRYDE  
                                        United States District Judge